556 So.2d 1331 (1990)
STATE of Louisiana, Appellee,
v.
Roman H. PAPILLION, Appellant.
No. CR89-636.
Court of Appeal of Louisiana, Third Circuit.
February 7, 1990.
*1333 Adrian D. Cox, DeQuincy, for defendant-appellant.
Beth Conrad, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before: DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
FORET, Judge.
Defendant, Roman H. Papillion, was found guilty of possession of cocaine, a violation of La.R.S. 40:967(C), and obstruction of justice, a violation of La.R.S. 14:130.1(A)(1). He was sentenced to serve eight years at hard labor on each count, to be served concurrently. Defendant now appeals on the basis of five assignments of error, all of which are briefed.

FACTS
On or about October 26, 1987, the Calcasieu Parish Sheriff's Office obtained information from a confidential informant who stated he could purchase a quantity of cocaine from a residence located at 909 Dematrie Street in Lake Charles. The informant indicated that he had seen suspected cocaine in that residence on October 26, 1987. He further informed that a black female, Rose, and a black male, Roman, were living at that residence. Surveillance of the above described location was set up and a controlled purchase was made later that evening. The deputies maintained surveillance for two days and decided to obtain a search warrant which was obtained at approximately 6:00 P.M. on October 28, 1987, from Judge McInnis.
After the search warrant was obtained, deputies went to 909 Dematrie Street and stopped a vehicle which was leaving the residence. The vehicle was being driven by Rose Stelly. A search of the vehicle yielded a small amount of contraband. The deputies then entered the residence to execute the search warrant. On the coffee table in the living room, deputies found a clear plastic container with a short white straw, containing a white powder residue. Also on the coffee table were three single-edged razor blades, a pack of rolling papers, a small mirror, a small plastic film canister, a prescription bottle with a clear liquid, a small straw, and a tongue depressor with the defendant's name on it.
Ms. Stelly informed police that she owned the residence and that she occasionally smoked marijuana and used cocaine. However, she stated that the defendant "was in the process or that he did sell cocaine" out of her residence. She also stated that the defendant often stayed at the Canvasback Apartments and informed deputies that he was there on that night.
The deputies, upon completing their search of the Dematrie Street residence, went to the Canvasback Apartments to locate the defendant. They were able to get the defendant to come to the door, but as soon as he realized who was at the door, he slammed the door. The deputies then broke down the door and entered the apartment. They encountered a black male and female standing together and saw another black male, later identified as the defendant, run into the bathroom. Deputy John Fryar entered the room, jumped across the bed, and looked into the bathroom where he observed the defendant leaning over a flushing commode. The deputies attempted to seize the items that were flushed but only recovered five bullets. The apartment was then secured and the occupants were advised of their Miranda rights.
The deputies, informed by the black female, later identified as Sherell Perks, that the defendant had cocaine in one of his pockets, searched the defendant for cocaine but none was found. Deputy Fryar obtained a voluntary search and seizure consent from Ms. Perks, who resided in the apartment. During the ensuing search, the deputies found several items of drugs and drug paraphernalia in the nightstand. The items included a dinner plate which contained a plastic bag of marijuana, a razor blade, and a portion of a hand-rolled cigarette. Deputies also found a silver spoon with scrapings, a small cotton swab, and syringes. It was thereafter established that material on the spoon and syringes was cocaine. At trial, the State called six witnesses to testify as to the events which occurred during its investigation and to *1334 establish the chain of evidence. The defense called no witnesses.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the trial court erred in allowing hearsay testimony of alleged co-conspirators. Defendant contends that the State failed to establish a prima facie case of conspiracy between Rose Stelly and the defendant prior to the admission of statements made by her to the police officers during the execution of the search warrant, all as required by Code of Evidence, Art. 801(D)(3)(b).
The State contends that the statements made by Ms. Stelly are admissible under Code of Evidence Art. 801(D)(4) which provides as follows:
"Things said or done. The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
Under Art. 801(D)(4), there is no requirement that a prima facie case of conspiracy be established.
Deputy John Fryar testified as to what Ms. Stelly said at her residence while a search of her home was conducted and suspected illegal drugs and drug paraphernalia were found. Clearly, such statements are admissible under the provisions of Art. 801(D)(4) as they clearly form a part of the "res gestae." We therefore find defendant's first assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred in allowing the introduction of exhibits S2, S3, and S8-S12, all of which were seized at the home of Rose Stelly located at 909 Dematrie Street. Defendant contends that the State failed to show that these exhibits were under the dominion or control of the defendant since he was not present at the residence at the time of the seizure.
It is not necessary for a person to actually possess a controlled dangerous substance to violate the prohibition against possession thereof. Constructive possession is sufficient. State v. Sweeney, 443 So.2d 522 (La.1983). The mere presence in an area where narcotics are discovered or mere association with a person who does control an illegal drug is not sufficient to support a finding of possession. The fact finder, however, may draw reasonable inferences from the evidence adduced at trial and may consider the following factors: the defendant's relationship with the person found in possession; defendant's access to the area where illegal drugs were found; evidence of recent drug use by defendant; the defendant's physical proximity to the drugs; and any evidence that the area in consideration was frequented by drug users. State v. Moore, 490 So.2d 588 (La.App. 2 Cir.1986), writ denied, 494 So.2d 1175 (La.1986).
The following evidence established defendant's constructive possession of the drugs (cocaine) and drug paraphernalia seized at the residence of Rose Stelly:
1. Deputy Fryar's testimony that Rose Stelly advised him that the defendant stayed with her.
2. Deputy Fryar's testimony that Rose Stelly advised him that the defendant sold cocaine out of her home.
3. Presence of defendant's personal belongings (tongue depressor with defendant's name on it) among items of drug paraphernalia.
4. Defendant was apprehended shortly thereafter at the apartment of Sherell Perks as he prepared to use cocaine.
5. Shortly after the seizure of the cocaine and drug paraphernalia at the home of Rose Stelly, defendant was arrested at another location where cocaine and drug paraphernalia were found.
This evidence, viewed as a whole, established defendant's constructive possession of the cocaine found at the home of Rose Stelly. The trial court therefore did not err *1335 in admitting exhibits S2, S3, and S8-S12 into evidence. See, State v. Tasker, 448 So.2d 1311 (La.App. 1 Cir.1984), writ denied, 450 So.2d 644 (La.1984).
Defendant also complains that the evidence adduced at trial did not establish that he had dominion or control over exhibits S5-S7 and S13, all of which were seized at the apartment of Sherell Perks. We disagree. The evidence adduced at trial included the testimony of Ms. Perks, who stated that the defendant was preparing to use cocaine at the time the officers entered the apartment. Defendant was in fact found in the apartment of Ms. Perks and, upon seeing the police officers, he slammed the door and ran into the bathroom in an apparent attempt to flush evidence down the commode. Moreover, Ms. Perks also advised the officers present that the defendant had cocaine in one of his pockets, although none was found. However, drug paraphernalia and small amounts of cocaine were found in the apartment at the time defendant was apprehended. Considering this, the evidence adduced at trial overwhelmingly established defendant's constructive possession of the seized cocaine. We therefore find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant contends that the trial court erred in sentencing defendant under the habitual offender statute on both the possession of cocaine conviction and the obstruction of justice conviction. At the sentencing proceedings, the State introduced evidence of a prior felony conviction of distribution of marijuana by the defendant. Defendant admitted to the conviction. Therefore, defendant was adjudicated an habitual offender under La.R.S. 15:529.1(A)(1), and sentenced to serve eight years on each count, the sentences to be served concurrently.
Defendant argues that because the convictions of possession of a controlled dangerous substance and obstruction of justice were entered on the same day, he should not have been sentenced as an habitual offender. Defendant bases his argument on State v. Sherer, 411 So.2d 1050 (La. 1982), which states that convictions of more than one count entered on the same day should be treated as one conviction when applying R.S. 15:529.1.
Defendant is correct in that the possession of a controlled dangerous substance and obstruction of justice charges should be treated as one; however, there is already the pre-existing felony conviction of distribution of marijuana. Thus, the trial judge correctly adjudicated the defendant as an habitual offender and properly sentenced him as such. This assignment of error is, accordingly, without merit.

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant contends that the court erred in imposing excessive sentences.
As noted earlier, the defendant was convicted on charges of possession of cocaine and obstruction of justice and sentenced to eight years on each count. Considering that the defendant was adjudged an habitual offender, he could have been sentenced to up to ten years on each of the charged offenses. At the sentencing hearing, the trial judge, noting the defendant's history of past criminal conduct, stated that it was likely that the defendant would commit this type of crime again. He also noted, in considering the guidelines of C.Cr.P. art. 894.1, that the defendant was particularly unlikely to respond to probationary treatment. The trial court also noted, among other things, that imprisonment would not entail excessive hardship on the defendant or his dependents. We find, in reviewing the record, that the sentence imposed by the trial court is not excessive. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
In his final assignment of error, defendant contends that the evidence adduced at trial was not sufficient to sustain convictions on the charges of possession of cocaine and obstruction of justice. We disagree. In our discussion in reference to defendant's assignment of error # 2, we noted the factors which established the defendant's constructive possession of the *1336 drugs and drug paraphernalia seized. Considering these factors, together with the record in these proceedings, we find that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State has proven the essential elements of the offense of possession of cocaine beyond a reasonable doubt. See, State v. Tasker, supra.
As to defendant's conviction on the charge of obstruction of justice, R.S. 14:130.1 provides as follows:
"§ 130.1. Obstruction of justice
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place of review of any such evidence."
In the instant case, defendant, upon seeing the police officers at the door, slammed the door, ran to the bathroom, and was seen leaning over a flushing commode. Thereafter, drug paraphernalia and small amounts of cocaine were found in the apartment. Also, as noted earlier, Sherell Perks stated that the defendant was preparing to use cocaine and she also stated that the defendant had cocaine in his pocket. However, the officers did not have occasion to search the defendant until after he was removed from the bathroom and thus, no cocaine or other incriminating evidence was found on his person. We find that, under the Jackson v. Virginia standard, the State has adequately proven the charged offense of obstruction of justice.
Considering the above, defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, C.J., concurs.