In re Parker, Craig A.? — Defendant; Applying for Writ of Certiorari and/or Review, Parish of Plaquemines, 25th Judicial District Court Div. A, Nos. 02-0031; to the Court of Appeal, Fourth Circuit, No. 2002-KA-2527.
LPER CURIAM.
Granted. The order of the court of appeal is vacated and the defendant’s sentence is reinstated. The state did not move in the district court for correction of defendant’s sentence, see La.R.S. 15:301.1, *24 or seek correction on review, see La. C.Cr.P. art. 881.2(B), and the presentence report upon which the appellate court relied for its conclusion that defendant is not eligible for suspension of sentence and probation because of his prior record is not part of the record for purposes of error patent review. See State v. Wrestle, Inc., 360 So.2d 831, 837 (La.1978)(“Historically, our jurisprudence does not permit inspection of the trial transcript to ascertain such errors ... but only of the record for purposes of error patent appellate review — in general, the indictment or information, the minutes, and the verdict and sentence.”) (citation omitted). To the extent that amendment of the defendant’s sentence entails more than a ministerial correction based on self-activating terms of the statute defining the offense of conviction, and |2necessarily includes consideration of the report’s contents which otherwise were not contested in the trial court because the state failed to make an issue of them relative to the court’s authority to suspend sentence as a matter of La.C.Cr.P. art. 893, our decision in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, does not sanction the sua sponte correction made by the court of appeal on defendant’s appeal of his conviction and sentence.
TRAYLOR, J., would deny the writ.