952 So.2d 705 (2007)
STATE of Louisiana
v.
Ellery C. JONES.
No. 2006-KA-0485.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2006.
Rehearing Denied April 16, 2007.
Charles Foti, Attorney General, Darryl W. Bubrig, Sr., District Attorney, 25th Judicial District Parish of Plaquemines, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellee, Ellery C. Jones.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS, SR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The State of Louisiana, the appellant herein, filed a bill of information charging the defendant, Ellery C. Jones, with one count of obstruction of justice, a violation of La. R.S. 14:130.1.[1] Following a trial, the jury returned a responsive verdict of guilty of attempted obstruction of justice. The defendant subsequently filed a motion for a new trial and a motion for a post verdict *706 judgment of acquittal. The trial court granted the motion for a post verdict judgment of acquittal and ordered the defendant released. The State appealed.

STATEMENT OF THE FACTS
On October 22, 2004, Deputy Cody Portier of the Plaquemines Parish Sheriff's Department, along with other deputies, was assigned to work at a high school football game being held at the Fort Jackson field. Deputy Portier, who was still in training, was checking the outside areas, watching for illegal alcohol consumption, fighting, and similar problems. Deputy Portier and the other deputies observed a group of people drinking beer on an area outside the field known as "the hill" and approached to direct the persons to dispose of their alcohol and disperse. The defendant, who was carrying a single beer and a six-pack, began walking toward the parking lot. Deputy Portier directed him to stop multiple times, but the defendant continued walking until he reached a vehicle in the lot and opened the door.[2] Deputy Portier reached the defendant and began to talk with him. The deputy explained to the defendant that it was a violation of a parish ordinance to drink alcohol within a certain distance of a school function. As they were talking, the defendant removed a clear plastic bag containing vegetable matter from his pocket and dropped it to the ground. Deputy Portier retrieved the bag from the ground and placed the defendant under arrest for possession of marijuana. He also advised the defendant of his constitutional rights and ascertained that the defendant understood them. He asked the defendant why he dropped the plastic bag, and the defendant replied it was because he was on probation. In a search incidental to the arrest, Deputy Portier found a pack of rolling papers in the defendant's pocket.
At the trial, defense counsel questioned Deputy Portier about what exactly occurred when the defendant dropped the marijuana. The deputy stated that he saw the marijuana hit the ground, and that he never lost sight of it. He testified that the defendant made no attempt to leave the scene. Furthermore, he testified that the defendant did not try to destroy the marijuana, nor did he step on it, try to bury it, or conceal it in any way. The defendant had provided his name to the deputy before he dropped the marijuana. Another deputy, Chris Johnson, was a few feet away from the defendant and Deputy Portier when the defendant dropped the marijuana.
Defense counsel also questioned Deputy Portier about why he arrested the defendant for obstruction of justice. Deputy Portier explained that, when the defendant pulled the marijuana out of his pocket, "he could have been trying to dump it out, pour it out." However, the deputy admitted that the bag had a knot in it. Deputy Portier further testified that it was possible that, even though he did not see the defendant "trying to kick it underneath the vehicle at that particular time, maybe that was his intention to do that. . . . Maybe he assumed I didn't see him go into his pocket and drop" the marijuana onto the ground and into the grass. The deputy admitted that the defendant did nothing to obstruct the investigation into the alcohol issue.
On redirect, Deputy Portier testified that there was grass in the area where the defendant dropped the marijuana. However, *707 he said it was only four to six inches high.

DISCUSSION
In its sole assignment of error, the State contends that the trial judge erred when he found that the evidence was insufficient to sustain the conviction and therefore granted the defendant's motion for a post verdict judgment of acquittal. The State argues that it proved that the defendant attempted to obstruct justice by discarding the bag of marijuana to the ground as the deputy was ordering him to stop, and that the trial court employed an improper standard by substituting its judgment for that of the jury.
"A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." La. C.Cr.P. art. 821(B). A motion for post verdict judgment of acquittal raises the question of sufficiency of the evidence. See State v. Thibodeaux, 98-1673, p. 12 (La.9/8/99), 750 So.2d 916, 926. Evidence is deemed to have been sufficient when, after viewing the evidence in the light most favorable to the prosecution, it is determined that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132.
La. R.S. 14:130.1 defines obstruction of justice, in pertinent part, as follows:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers.
Here, the defendant was convicted of attempted obstruction of justice. La. R.S. 14:27 defines an attempt, in pertinent part, as occurring when a person, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object, it being immaterial whether he would have actually accomplished his purpose.
At the outset, we note that the State misstates the facts in that Deputy Portier did not testify that the defendant discarded the marijuana as he was walking toward the parking lot while the deputy was ordering him to stop. Instead, the defendant was standing by his car speaking with the deputy when he removed the bag of marijuana from his pocket and dropped it directly to the ground in the deputy's presence. Thus, the attempt to conceal the evidence from the deputy was not carried out surreptitiously.
In granting the defendant's motion for a post verdict judgment of acquittal, the trial judge found no evidence of intent to hide the marijuana since the defendant dropped the marijuana but then did nothing else. The trial judge also pondered whether the "location" of the evidence for purposes of *708 subsection (A)(1)(a) of La. R.S. 14:130.1 may have been the ground, in which case the defendant did not even touch the evidence at the critical moment.
The trial judge acknowledged, and the record clearly discloses, that at the time the defendant discarded the marijuana there was no ongoing investigation with reference to any narcotics. Deputy Portier admitted that the officers had no intention of arresting the defendant for the alcohol violation, explaining that, in the past, officers had never arrested people for drinking on "the hill." Thus, there was nothing in the testimony presented to indicate that the defendant was going to be searched incidental to the arrest. Similarly, nothing in the testimony indicates that Deputy Portier was going to frisk the defendant. Thus, we can only conclude, as did the trial judge, that the defendant's possession of the marijuana in his pocket, which was completely unknown to Officer Portier, was not relevant to any "investigation" into the defendant's drinking beer on "the hill."
However, La. R.S. 14:130.1 refers to an act of tampering with evidence relevant to a criminal investigation or proceeding "when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding." The statute does not clearly require that the police already be engaged in the relevant investigation or that the criminal proceeding has already commenced. In other words, the defendant by virtue of his guilty knowledge that he was possessing marijuana had the requisite knowledge that there was a potential criminal proceeding and arguably had the specific intent to affect that investigation or proceeding. The fact that his attempt to tamper with the evidence backfired does not mean he did not have the specific intent to commit obstruction of justice, and the act of moving the marijuana was from his pocket to the ground, and thus out of his physical possession, fits the element of movement of evidence, and thus was an act in furtherance of the crime.
The defendant argues that his lack of action after dropping the marijuana shows that no reasonable juror could infer that he had the specific intent to affect any potential criminal proceedings. However, Deputy Portier testified that he believed the defendant had intended to dump the marijuana out of the plastic bag into the grass. He also suggested in his testimony that the defendant may have thought he could drop the marijuana without the deputy observing him, and then the defendant could have hidden the bag under the vehicle. The jury accepted that the deputy's testimony, while not establishing a completed offense of obstruction of justice, proved that the defendant had the specific intent to commit the offense.

CONCLUSION
Accordingly, for the reasons set forth herein, the judgment of the trial court granting the defendant's post verdict judgment of acquittal is vacated and the jury's verdict of guilty of attempted obstruction of justice is reinstated. The case is remanded to the district court for further proceedings.
VACATED AND REMANDED.
NOTES
[1] In the same bill of information, the defendant was charged with two misdemeanors, simple possession of marijuana and possession of drug paraphernalia; the State dismissed theses charges on January 10, 2006 and reinstituted them under case number 05-2792, which case is not before this Court.
[2] Deputy Portier testified that the defendant might not have heard him when he told him not to walk away because of noise from the band playing nearby.