983 So.2d 95 (2008)
STATE of Louisiana
v.
Ellery C. JONES.
No. 2007-K-1052.
Supreme Court of Louisiana.
June 3, 2008.
*96 Christopher Albert Aberle, Mandeville, for applicant.
James D. Caldwell, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Gilbert Victor Andry, IV, Assistant District Attorney, for respondent.
VICTORY, J.
We granted this writ application to determine whether this defendant is guilty of attempted obstruction of justice for dropping a bag of marijuana out of his pocket to the ground in the presence of a police officer who was admonishing him for drinking beer too close to a high school football game. After reviewing the facts and the applicable law, we affirm the judgment of the court of appeal and find that defendant is guilty of attempted obstruction of justice in this case.

FACTS AND PROCEDURAL HISTORY
On October 22, 2004, Deputy Cody Portier, a trainee of the Plaquemines Parish Sheriff's Office, was assigned to work at a high school football game at the Fort Jackson field. Deputy Portier observed a group of people drinking beer in an area outside the field known as "the hill" and approached the group. Defendant, Ellery Jones, who was carrying a single beer and a six-pack, began to walk away from the officer. Several times, Deputy Portier directed defendant to stop, but defendant continued to walk toward his vehicle in the parking lot. He then opened the back door and put the beer inside his vehicle. Deputy Portier reached defendant and advised him of the parish ordinance which prohibits alcohol consumption within a certain distance of a school function. During this conversation, defendant reached in his pocket, removed a clear plastic bag containing vegetable matter, and dropped it to the ground in front of the officer. The bag was knotted and no vegetable matter spilled from the bag. Deputy Portier retrieved the bag and placed defendant under arrest for possession of marijuana. The deputy advised defendant of his Miranda rights, which defendant acknowledged he understood. When asked why he dropped the bag, defendant replied it was because he was on probation.[1] A search incident to arrest yielded a pack of rolling papers in defendant's pocket.
On February 5, 2005, the state charged defendant with one count of obstruction of justice, one count of possession of marijuana, and one count of possession of drug paraphernalia. On January 10, 2006, the state dismissed the two misdemeanor possession counts indicating that those charges would be re-filed under a separate case number, and proceeded to trial as to *97 the felony charge of obstruction of justice. At trial, Deputy Portier testified on cross-examination as follows:
Q. Were you investigating Mr. Jones for possession of marijuana?
A. No, sir. Not until he went into his pocket and dropped it right there in front of me.
Q. At that point you started the investigation for possessing marijuana?
A. Yes, sir.
Q. You had no clue he possessed marijuana?
A. Your [sic] exactly right.
A six-person jury returned a verdict of guilty of attempted obstruction of justice. Defendant filed motions for post-verdict judgment of acquittal under La.C.Cr. P. 821[2] and for a new trial. On February 1, 2006, the trial judge granted defendant's motion for post-verdict judgment of acquittal and ordered defendant released. In granting defendant's motion, the trial court observed that the marijuana was not "evidence" until defendant removed it from his pocket and dropped it on the ground. The judge found that defendant did nothing more to the marijuana, such as stomp it into the ground or attempt to empty it from its bag and disperse it. The judge questioned the legitimacy of the obstruction of justice charge as it applied to the marijuana in this case:
I am concerned that . . . I don't know how you can have attempted, and I am worried about that . . . [b]ecause you have got to have a specific intent . . . [I]n the light most favorable to the State, it seems to me there could be a very good argument here of double jeopardy, in that by doing the same thing, if that is all he had done without the obstruction, he would be guilty of possession of marijuana. He did nothing more and he is also guilty of obstruction of justice. And to me that's the conflict in my mind. So I am going to grant the judgment of post verdict of acquittal . . . I just, in the eyes of justice feel, that if a man does nothing more than what he already did, possession of marijuana, I don't see how he committed another crime. And you can't commit two crimes at the same time.
The court of appeal reversed and determined that "the defendant by virtue of his guilty knowledge that he was possessing marijuana had the requisite knowledge that there was a potential criminal proceeding and arguably had the specific intent to affect that investigation or proceeding." State v. Jones, 06-0485 (La.App. 4 Cir. 11/21/06), 952 So.2d 705. Further, the court of appeal found that "[t]he statute does not clearly require that the police already be engaged in the relevant investigation or that the criminal proceeding has already commenced." Id. "The fact that his attempt to tamper with the evidence backfired does not mean he did not have the specific intent to commit obstruction of justice, and the act of moving the marijuana was from his pocket to the ground, and thus out of his physical possession, fits the element of movement of evidence, and thus was an act in furtherance of the crime." Id. The court of appeal vacated the decision of the trial court, reinstated the jury's verdict of guilty of attempted obstruction of justice, and remanded the case for further proceedings. We granted defendant's writ application. State v. Jones, 07-1052 (La.11/21/07), 967 So.2d 527.

DISCUSSION
Louisiana's obstruction of justice statute is found at La. R.S. 14:130.1, and provides in pertinent part:

*98 A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place or review of any such evidence.
. . .
B. Whoever commits the crime of obstruction of justice shall be subject to the following penalties:
(1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.
(2) When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.
(3) When the obstruction of justice involves any other criminal proceeding, the offender shall be fined not more than ten thousand dollars, imprisoned for not more than five years, with or without hard labor, or both.
"Attempt" is defined in La. R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
* * *
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
* * *
The state charged defendant with violating La. R.S. 14:130.1(A)(1), alleging that he "moved" the bag of marijuana from his pocket to the ground at the location of an incident that he had good reason to believe would be the subject of an investigation, with the specific intent of distorting the results of a criminal investigation. The state claims he did this with the knowledge that moving the marijuana from his person "reasonably may" affect a potential, future criminal proceeding. Defendant claims that he could not have intended to distort the results of a criminal investigation because no investigation into his possession of drugs was being conducted at the time he dropped the marijuana. The only investigation underway was possession of alcohol at a school event. Further, he claims that instead of intending to distort *99 the result of any investigation, he intended to prevent a criminal investigation from ever occurring in the first place. He argues that if the court of appeal's reasoning is followed, then anyone who commits any crime with the intent of not getting caught has violated the obstruction of justice statute.
We granted this writ to interpret the meaning of La. R.S. 14:130.1 in order to determine if defendant's actions in dropping the marijuana to the ground in the presence of the police constitute obstruction of justice or attempted obstruction of justice. This case comes at a time when obstruction of justice laws are being "used increasingly against drug offenders who, in some fashion, attempt to destroy or conceal their drugs when being pursued by the police." John F. Decker, The Varying Parameters of Obstruction of Justice in American Criminal Law, 65 La. L.Rev. 49, 51-52 (2004). However, other state courts are virtually unanimous in concluding that where a defendant merely drops, throws down, or abandons drugs in the presence of police officers, this conduct does not constitute evidence tampering or obstruction of justice. See e.g., In re Juvenile, 151 N.H. 14, 846 A.2d 1207 (4/30/04) (throwing cigarettes to ground in presence of police officer does not constitute evidence tampering because the minor defendant did nothing to alter, destroy, or prevent the evidence's availability to the police); In re M.F., 315 Ill.App.3d 641, 248 Ill.Dec. 463, 734 N.E.2d 171 (2 Dist. 8/2/00) (throwing drugs off a roof top in presence of police officer does not constitute "concealment" sufficient to support obstruction of justice charge); Com. v. Delgado, 544 Pa. 591, 679 A.2d 223 (1996) (throwing down drugs while being chased on foot by police did not constitute the destruction or concealment of evidence as contemplated by obstruction statute); State v. Fuqua, 303 N.J.Super. 40, 696 A.2d 44 (N.J.Super.A.D.1997) (hiding cocaine in socks before being searched by police did not constitute obstruction because, in order to avoid prohibition against self-incrimination, the obstruction statute was "sensibly construed to refer to evidence of a completed criminal act, not a current possessory crime"); State v. Sharpless, 314 N.J.Super. 440, 715 A.2d 333 (N.J.Super.A.D.1998) (person who possesses drugs may not be found guilty of tampering with evidence simply because he discards or hides the drugs upon the approach of a police officer); State v. Patton, 898 S.W.2d 732 (Tenn.Crim.App.1994) (affirming dismissal of indictment charging defendant with evidence tampering that alleged the defendant tossed aside a bag of marijuana while being pursued by police officers); Hollingsworth v. State, 15 S.W.3d 586 (Tex.App.-Austin 2000) (reversing defendant's conviction of evidence tampering when the defendant, who was carrying cocaine in his mouth and spit it out, exposed it to the view of the police); Boice v. State, 560 So.2d 1383 (Fla.App. 2 Dist.1990) (defendant's tossing bag of crack cocaine away from his person while in presence of arresting officers amounted merely to abandoning the evidence and was not concealment sufficient to support conviction for evidence tampering); People v. Vargas, 179 Misc.2d 236, 684 N.Y.S.2d 848, 849 (N.Y.City Crim.Ct.1998) (throwing a marijuana cigarette down a sewer in presence of police officer insufficient to support conviction); People v. Simon, 145 Misc.2d 518, 547 N.Y.S.2d 199 (N.Y.City Crim.Ct.1989) (breaking a glass pipe containing cocaine in presence of police officer insufficient to support conviction); Vigue v. State, 987 P.2d 204 (Alaska App.1999) (dropping crack cocaine to ground in presence of police officer did not constitute "suppression, concealment, or removal" of the evidence sufficient to support obstruction *100 conviction). It has only been in cases where the defendant did something to impair the evidence's integrity, veracity, or availability at trial that courts have found defendants guilty of obstruction of justice. People v. Brake, 336 Ill.App.3d 464, 270 Ill.Dec. 784, 783 N.E.2d 1084, 1086-87 (2 Dist.2003) (swallowing drugs sufficient to support conviction); State v. Mendez, 345 N.J.Super. 498, 785 A.2d 945 (N.J.Super.A.D.2001) (holding plastic bag containing cocaine out the window of a moving car constituted obstruction of justice because it caused the evidence to become unavailable as evidence); Com. v. Morales, 477 Pa.Super. 491, 669 A.2d 1003 (1996) (swallowing contraband while being apprehended by police constituted obstruction of justice); State v. Jennings, 666 So.2d 131 (Fla.1995) (swallowing rocks of cocaine in presence of police, which rocks were never recovered, constituted obstruction of justice); Com. v. Govens, 429 Pa.Super. 464, 632 A.2d 1316 (Pa.Super.1993) (flushing drugs down toilet while police knocked at door constituted obstruction of justice).[3]
However, the jurisprudence from these state courts deals with the particular wording of their obstruction laws. These laws, most based on the Model Penal Code, generally criminalize the "concealment," "suppression," or "removal" of evidence, done with an intent to impair its veracity or availability in a criminal investigation or proceeding. However, the Louisiana statute is broader, as it includes within the definition of "tampering with evidence" the "intentional alteration, movement, removal, or addition" of any object or substance "at the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation." The term "movement" goes beyond anything proscribed by other states' laws as it does not necessarily connote an action that will impair an object's veracity or availability at trial. In fact, in this case, the "movement" actually enhanced the state's ability to use the evidence at trial. Thus, it is in light of this seeming incongruity that we must interpret this statute.
*101 The rule of statutory construction of criminal statutes is as follows:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
La. R.S. 14:3. Further, it is well settled that criminal statutes are to be strictly and narrowly construed, with any ambiguity resolved in favor of the accused. State v. Interiano, 03-1760 (La.2/13/04), 868 So.2d 9; State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Carr, 99-2209 (La.5/26/00), 761 So.2d 1271.
La. R.S. 14:130.1(A)(1) sets out several elements that must be met in this particular case. First, as in every type of obstruction case,[4] the obstruction must be committed "with the knowledge that such act has, reasonably may, or will affect an actual or potential, past, or future criminal proceeding." La. R.S. 14:130.1(A). "Knowledge" is defined by Black's Law Dictionary as "an acquaintance with fact or truth," or a "state of knowing or understanding." In this case, the knowledge requirement is met if the perpetrator merely knows that an act "reasonably may" affect a criminal proceeding. The statute does not require the criminal proceeding actually be affected, the perpetrator just must know and understand that the act reasonably may affect the proceeding. Further, the criminal proceeding need not already be underway, it need only be a "potential," "future" proceeding. Here, the defendant moved the marijuana from his person to the ground, with the knowledge that a future criminal proceeding reasonably might be affected by this action, i.e., there might be a future criminal proceeding if the police found drugs on his person. Finally, defendant was on probation for a drug offense and possession of marijuana constituted a violation of the special conditions of his probation. He was clearly attempting to avoid a future criminal proceeding revoking his probation, as he stated that the reason he dispossessed himself of the marijuana was that he was on probation. Therefore, this requirement of La. R.S. 14:130.1(A) is met.
The second requirement relevant to this case is that the perpetrator tamper "with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding." La. R.S. 14:130.1(A)(1). Again, the tampering does not actually have to distort the results of any criminal investigation, the perpetrator need only have the specific intent to distort the results. Here, by moving the marijuana from his person to the ground, the defendant had the specific intent that the police not find the drugs on his person, which would distort the results of any investigation, such as a search of his person. Defendant argues that he did not have the intent to "distort" the results of an investigation, he had the intent to avoid an investigation altogether. However, we reject this argument; certainly, a criminal investigation would be distorted if the defendant no longer had drugs on his person. Next, the evidence tampered with must "reasonably prove relevant" to any criminal investigation. Here, defendant argues that there was only a criminal investigation *102 into defendant's beer drinking, to which the drugs were not relevant. However, the statute not does require that the evidence be relevant to a particular investigation, such as the one currently underway into beer drinking, but instead says it must be relevant to any criminal investigation, which as will be seen in the discussion of the last element, includes any future criminal investigation.
Third, the statute provides that the tampering be either by the intentional "alteration, movement, removal, or addition of any object or substance." Indeed, taken in its "usual sense," the term movement encompasses the action by defendant in this case, as defendant clearly moved the marijuana from his pocket to the ground.[5] While defendant argues that he did nothing further in an attempt to destroy, obliterate, or conceal the drugs, nothing beyond "movement" is required by the statute if accompanied by the requisite intent and knowledge.
Finally, the tampering must be done "at the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation" by law enforcement officers. La. R.S. 14:130.1(A)(1)(a). In this case, defendant did not know that the police officer was only there to tell him not to drink beer on the hill and was not going to do anything further, such as search him or arrest him. Defendant was on probation and had reason to believe he would be arrested by drinking beer or subjected to a pat down. Further, he was in possession of drugs on the hill. Thus, the hill was the location of an incident that he had good reason would be the subject of an investigation. The drugs would clearly be relevant to this investigation. While defendant argues that he cannot be found guilty because there was no current investigation into his drug possession, a current investigation is not required as the statute says "will be the subject of any investigation," connoting a future investigation.
Thus, the statutory requirements are met in this case because defendant had knowledge that by moving the drugs from his person to the ground, a potential, future criminal investigation reasonably might be affected. In addition, he did this with the specific intent of distorting the results of a criminal investigation at the hill, the location of an incident (his drug possession), which he had good reason to believe would be the subject of an investigation by Deputy Portier. Granted, he was not successful in distorting the results or affecting the criminal proceeding because the police saw him drop the drugs and could easily associate him with the drugs. However, success is not required, only specific intent and the requisite act. The fact that he did not succeed is perhaps why the jury only convicted him of attempted obstruction of justice.[6]
This statute gives prosecutors wide latitude in misdemeanor cases to prosecute a person for obstruction where the person *103 simply dispossesses himself of contraband when approached by police so as not to be caught with the contraband. However, prosecution in such cases in Louisiana has been very rare. In the few cases that exist, the defendants actually did something to the drugs in their possession to alter them or make them unavailable for trial. In State v. Parker, 02-2527 (La.App. 4 Cir. 7/9/03), 852 So.2d 3, 2003 WL 21748979 (unpub'd), vacated on other grounds, 03-2736 (La.2/20/04), 868 So.2d 23, the defendant was charged with possession of marijuana and obstruction of justice where he dropped a marijuana cigarette to the ground and then stomped on it in an attempt to obliterate it, in the presence of police officers. However, defendant pled guilty and thus his complaints on appeal about his arrest and prosecution for obstruction of justice were not preserved. In State v. Celestine, 95-1393 (La.1/23/96), 671 So.2d 896, the defendant was convicted of distribution of cocaine and obstruction of justice when, as a result of a "reversesting" operation, the defendant purchased six rocks of crack cocaine from an undercover agent posing as a dealer, and upon immediate arrest, threw the rocks into the air and only one could be located from the gravel surface. This Court overturned his conviction for distribution, holding that the defendant buyer was not a distributor under the relevant statute, and remanded the case for resentencing for simple possession. Id. However, the Court held that "[t]his disposition does not affect relator's conviction for obstruction of justice, which we affirm, but does require vacating relator's sentence on that count as well [because] [w]hen the obstruction of justice involves a criminal proceeding in which a sentence necessarily at hard labor may not be imposed, La. R.S. 14:130.1(B)(3) calls for a sentence of no more than fives years imprisonment with or without hard labor." 671 So.2d at 898. Thus, while the defendant's sentence for obstruction of justice was vacated, the Court apparently agreed that the facts of the case satisfied the requirements of the statute. See also State v. Simon, 607 So.2d 793 (La.App. 1 Cir.1992), writ denied, 612 So.2d 77 (La. 1993) and State v. Papillion, 556 So.2d 1331 (La.App. 3 Cir.1990) (flushing drugs down the toilet with police at the front door constituted obstruction of justice). The fact is that defendants commonly discard evidence (in the presence of police) to avoid being associated with the evidence, yet there have been few prosecutions for obstruction of justice in such circumstances.
Finally, while this is a felony, the statute gives the sentencing judge room for leniency. Indeed, there is no minimum required sentence for obstruction in this type of case under La. R.S. 14:130.1(B)(3), and, because defendant was only convicted of attempt, the maximum sentence is one-half of the maximum under La. R.S. 14:130.1(B)(3), i.e., $5,000 or two and one-half years imprisonment, or both.

CONCLUSION
La. R.S. 14:130.1(A)(1) is a broadly worded statute encompassing a wide range of activity within the definition of tampering with evidence. While discarding marijuana in the presence and plain view of a police officer so as not to be caught with the contraband seems quite innocuous in this case, the unambiguous wording of the statute requires that we interpret it as criminalizing defendant's behavior in this case. Louisiana's obstruction of justice statute, unlike other states' statutes and the federal statute, prohibits mere "movement" of evidence, if done at a location of an incident which the perpetrator has good reason to believe will be the subject of any investigation and if done with the requisite specific intent and knowledge. Neither a *104 criminal investigation nor a criminal proceeding need be underway, and the statute does not require that the defendant do anything to the evidence to destroy or conceal it.

DECREE
For the reasons stated herein, the judgment of the court of appeal is affirmed.
AFFIRMED.
CALOGERO, C.J., dissents and assigns reasons.
JOHNSON, J., dissents.
CALOGERO, Chief Justice, dissents and assigns reasons.
I dissent from the majority's decision today upholding the defendant's conviction for attempted obstruction of justice. At issue in this case, as the majority opinion recognizes, is whether the defendant is guilty of the crime of attempted obstruction of justice for dropping a bag of marijuana from his pocket to the ground in the presence of a police officer who was admonishing him for drinking beer too close to a high school football game. In my view, the resolution of this issue is contingent upon the words of La.Rev.Stat. 14:130.1(A)(1), and in particular upon that section of the statute which proscribes and defines
"Tampering with evidence": . . . Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place of review of any such evidence.
The state alleges that the defendant tampered with evidence by "moving" the bag of marijuana from his pocket to the ground at the location of an incident that he had good reason to believe would be the subject of an investigation, with the specific intent of distorting the results of a criminal investigation. The defendant alleges that his action in dropping the bag, without more, does not constitute tampering with evidence.
At issue, then, is the meaning of the word "movement" in the definition of the phrase "tampering with evidence." In Louisiana there are no common-law crimes, and no conduct can be held criminal that is not made so by statute and clearly described by the language of its prohibition. State v. Arkansas Louisiana Gas Co., 227 La. 179, 78 So.2d 825, 827 (1955). It is axiomatic that criminal statutes must be strictly construed, and the Louisiana Criminal Code itself states as follows: "The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La.Rev.Stat. 14:3.
In my view, the majority loses sight of this statutory guidepost when it ignores the fact that the obvious gist of the crime of obstruction of justice under La.Rev. Stat. 14:130.1(A)(1) is "tampering." The word "movement" is intended to describe or define "tampering," which, according to Black's Law Dictionary, is "the act of altering a thing." Considered by itself, *105 without any context, the word "movement," defined as "the act or process of moving; esp: change of place or position or posture," is incredibly broad in scope and range of application. But, the word "movement" does not stand alone in this statute. It is accompanied by the words "alteration," "removal" and "addition."
In ascertaining what conduct the statute is intended to proscribe by the use of the word "movement" in the context of defining "tampering," we should be guided by the ordinary rules of statutory construction. Among those rules is the phrase noscitur a sociis. The maxim has been defined as follows:
It is known from its associates. * * * The meaning of a word is or may be known from the accompanying words. * * * Under this rule general and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are restricted to a sense analogous to less general. * * *
State v. Hertzog, 241 La. 783, 131 So.2d 788, 789 (1961)(quoting Black's Law Dictionary); State v. Arkansas Louisiana Gas Co., 78 So.2d at 828. We have employed this rule in ascertaining the meaning of such general words in criminal statutes as "illegal," "immoral," "unlawful," "vulgar," "offender" and "discrimination." State v. Hertzog, (vulgar); State v. Arkansas Louisiana Gas Co., (discrimination); State v. Savant, 115 La. 226, 38 So. 974 (1905) (unlawful sexual intercourse); State v. Garner, 238 La. 563, 115 So.2d 855 (1959) (offender); State v. Meunier, 354 So.2d 535 (La.1978) (annoy, harass, and embarrass).
Because the word "movement" is accompanied by the specific words "alteration," "removal," and "addition," all of which are capable of analogous meaning, the principle of noscitur a sociis is appropriately invoked in determining the scope of this statutory proscription. From its associated words in the statute under review, the word "movement" clearly and reasonably acquires a more restricted and definite meaning. The associated words, "alteration," "removal," and "addition," imbue, under the rule of noscitur a sociis, the character of the "movement" that is intended to be proscribed, i.e., movement associated with an action that will alter, remove, add to, or similarly change or otherwise affect an object's veracity or availability at trial.
Construed in this manner, consistent with ordinary rules of statutory construction, including the principle that penal statutes must be strictly construed and cannot be extended to conduct not included within the clear import of their language, State v. Viator, 229 La. 882, 87 So.2d 115, 117 (1956), the meaning of the statute is manifest and not ambiguous, such that resort to legislative history is unnecessary. The clear and intended purpose of Louisiana's obstruction of justice statute, La. Rev.Stat. 14:130.1, is to proscribe acts which alter, change, or suppress evidence in a criminal proceeding. As the majority itself admits, to interpret "movement" as broadly as it does "goes far beyond anything proscribed by other states' laws. . . ." Ante, p. 100. As explained in State v. Vallery, "Courts can do no more than interpret and construe statutes. They cannot, under the guise of interpretation, assume legislative functions." 212 La. 1095, 34 So.2d 329, 331 (1948). Moreover, the interpretation urged by the majority renders the words "removal" and "addition" superfluous; therefore, the majority violates the basic rule of construction that courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless or mere *106 surplusage if a construction giving force to and preserving all words can legitimately be found. State v. Fontenot, 112 La. 628, 36 So. 630, 634 (1904)(on rehearing).
Finally, I must comment on the fact that the majority's broad interpretation of the obstruction of justice statute and its application to the facts of this case effectively invites the state to prosecute as a felony conduct that would otherwise be punishable only as a misdemeanor. Although the state in this case dismissed the misdemeanor offenses to pursue, at least initially, the felony attempted obstruction of justice charge, prosecution of the misdemeanor possession of marijuana charge would appear to be barred by the principles of double jeopardy under our jurisprudence, as the trial judge in this case recognized. Clearly, the action of moving contraband from one place to another would encompass the act of possessing that contraband. Thus, in the common "throw down" misdemeanor drug possession case, the state will now pursue a felony conviction for conduct that heretofore could only be prosecuted as a misdemeanor.
In my view, when the obstruction of justice statute is construed properly, the trial court was correct in its determination that the evidence submitted by the State in this case was insufficient to prove the defendant specifically intended to commit the crime of obstruction of justice.
NOTES
[1] The record reveals that defendant was on probation for Distribution of Cocaine.
[2] La.C.Cr.P. art. 821(B) provides: "A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty."
[3] Under federal law, Congress has proscribed a variety of obstruction of justice offenses in 18 U.S.C. §§ 1501-1520 aimed at specific conduct, e.g., assault on a process server, 18 U.S.C. § 1501, obstruction of a federal audit, 18 U.S.C. § 1516, obstruction of criminal investigations of health care offenses. § 1518. More broadly, the "omnibus clause" of 18 U.S.C. § 1503, proscribes obstructing or impeding the administration of justice. However, to be guilty of an offense under the omnibus clause, there must be a judicial proceeding, the defendant must have knowledge of the proceeding, and the defendant must have corruptly endeavored to influence, obstruct, or impede the due administration of justice. Decker, supra, 65 La. L.Rev. 49, 54-55. Thus under federal law, this defendant would not have been guilty because there was no judicial proceeding. As a corollary however, the Federal Sentencing Guidelines specifically provide for an increase in the offense level by two levels for cases in which the defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Application Note 3 provides a "nonexhaustive list of examples" which include "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding . . . or attempting to do so. . . ." However, the Application Note adds a broad caveat: "if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." Thus, under federal law, defendant would not even have his sentence enhanced because he did not try to destroy or conceal the evidence, and his conduct occurred contemporaneously with the arrest and did not materially hinder the investigation.
[4] La. R.S. 14:130.1(A)(2) and (3) proscribe other activities as obstruction of justice to which the knowledge requirement of La. R.S. 14:130.1(A) applies.
[5] While "movement" probably more commonly exists when a person rearranges a crime scene, it is not limited by the wording of the statute to only that type of "movement."
[6] On this note, one commentator has suggested:

[j]ust as there are cases in which the improper introduction of incriminating evidence or the improper withholding of exculpatory evidence is held to be harmless error, so perhaps should there be cases in which a defendant's improperly covering up inculpatory evidence should be viewed as so inconsequential as to obviate the appropriateness of prosecution for cover-up crimes.
Stuart P. Green, Uncovering the Cover-up Crimes, 42 American Crim. L.Rev. 9, 41-42 (Winter, 2005).