731 So.2d 955 (1999)
Robert Gordon ROBIDEAU, Jeanette Robideau and Thad Mayo, Plaintiffs-Appellees,
v.
Heather Y. JOHNSON and Patterson Insurance Company, Defendants-Appellants.
No. 31,770-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*956 Jan Peter Christiansen, Monroe, Counsel for Appellants.
C. Daniel Street, Monroe, Counsel for Appellees.
Before WILLIAMS, STEWART and GASKINS, JJ.
GASKINS, J.
This auto collision case presents an issue of prescription previously reviewed by this court on supervisory writs. The defendants, driver Heather Y. Johnson and her insurer Patterson Insurance Company, appeal from a trial court judgment which assessed damages against them. On appeal, they reassert their argument that the trial court erred in overruling their exception of prescription. For the reasons assigned below, we affirm the trial court judgment.

FACTS
The facts of this case were set forth in this court's prior writ disposition. See Robideau v. Johnson, 30,422 (La.App.2d Cir.8/28/97), 702 So.2d 313, writ not considered, 97-2669 (La.11/21/97), 703 So.2d 1297. Briefly, on May 5, 1995, the plaintiffs, Robert Robideau, his wife Jeannette Robideau and his uncle Thad Mayo, were in a vehicle rear-ended by defendant Johnson. All three occupants of the Robideau vehicle sustained injuries, and their car was damaged.
After the accident, Mr. Robideau spoke on several occasions with Chuck Bayne, a claims adjuster for Patterson, Ms. Johnson's insurer.[1] In these conversations, Mr. Robideau represented not only himself but also his wife and uncle. Mr. Bayne admitted his insured's liability to Mr. Robideau. Mr. Bayne suggested to Mr. Robideau that, in order to receive full payment for the property damage to the Robideau car, he should go against his own insurer.[2] *957 Then his insurer could subrogate against Patterson for the property damage. Thereafter, by a check dated September 25, 1995, Patterson paid the subrogation claim of the other insurer for the property damage to the Robideau car.
Mr. Robideau and his two passengers filed suit against Ms. Johnson and Patterson on August 8, 1996. The defendants responded with a peremptory exception of prescription, raising the one-year prescriptive period under La. C.C. art. 3492. Following a hearing, the trial court overruled the exception. It found that, under the "particular unique facts" of this case, prescription was interrupted, and suit was timely filed. In ruling, the trial court specifically found that Mr. Robideau was "completely credible" and that he dealt with Patterson in good faith, following their guidance and instructions.
The defendants took supervisory writs to this court. On August 28, 1997, we denied the writ, finding that the trial court was correct. This court stated that Mr. Robideau was led to believe that liability was admitted at least to the date of payment of the property damage; thus, prescription was interrupted and began to start anew during September 1995. A writ to the supreme court was denied as untimely.
Judgment on the merits was rendered in favor of the plaintiffs and against the defendants. The parties stipulated that Ms. Johnson was 100% at fault. Damages in the following amounts were awarded as per the parties' stipulations: to Mr. Robideau, $1,000; Mrs. Robideau, $2,869; and the heirs of the late Mr. Mayo, $10,500.[3] Costs were assessed against Patterson.
The defendants appeal. Once again they raise the issue of prescription to this court. The plaintiffs filed a motion to dismiss the appeal on the basis that the denial of the exception of prescription had already been considered by this court. The motion to dismiss was denied in October 1998; we held that the "law of the case" doctrine did not affect the appealability of the judgment. However, we further noted that the appellees could raise the doctrine in the appeal itself.

LAW OF THE CASE
The "law of the case" principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on remand; and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Ward v. Hermitage Insurance Co., 28,236 (La.App.2d Cir.4/3/96), 671 So.2d 1229, writ denied, 96-1141 (La.9/3/96), 678 So.2d 554; Richard v. Wal-Mart Stores, Inc., 29,926 (La.App.2d Cir.10/31/97), 702 So.2d 79, writ denied, 97-3002 (La.2/6/98), 709 So.2d 744.
The law of the case applies to parties who were parties when the former decision was rendered and who thus had their day in court. Reasons for this doctrine include: to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252 (La.App. 1st Cir.1993), writs denied, 93-3158 (La.3/18/94), 634 So.2d 850 and 93-3174 (La.3/18/94), 634 So.2d 851; Coldwell Banker J. Wesley Dowling and Associates, Inc. v. City Bank and Trust of Shreveport, 25,684 (La.App.2d Cir.3/30/94), 634 So.2d *958 959; Cree Oil Company v. Home Insurance Company, 94 1219 (La.App. 3d Cir.3/8/95), 653 So.2d 620, writ denied, 95-1554 (La.9/29/95), 660 So.2d 875.
When an appellate court merely denies a writ of review, only declining to exercise its extraordinary powers of supervisory jurisdiction, reconsideration of an issue is not barred in an appeal from the final judgment. Goodwin v. Goodwin, 607 So.2d 8 (La.App. 2d Cir.1992); Coldwell Banker J. Wesley Dowling and Associates, Inc. v. City Bank and Trust of Shreveport, supra.
This court thoroughly reviewed the prescription issue when the matter came before us on the defendants' writ application. At that time, we did not merely deny the writ and decline to exercise our supervisory jurisdiction. To the contrary, we carefully examined and ultimately affirmed the trial court's ruling on the exception as being correct. The record before us now contains the same information previously considered. We detect no palpable error. Nor do we find that application of the law of the case would lead to manifest injustice in the instant case. Consequently, we see no reason to revisit the issue of prescription, which is the sole matter now presented for our appellate review.

CONCLUSION
The trial court judgment is affirmed. Costs are assessed against the defendants/appellants.
AFFIRMED.
NOTES
[1] There is some question as to the date of the last conversation between Mr. Robideau and the Patterson adjuster. Mr. Bayne testified that it was on May 31, 1995; his employment with Patterson ended around July 21, 1995. However, Mr. Robideau testified that he last spoke to Mr. Bayne in June or July 1995.
[2] Ms. Johnson had only the minimum auto coverage required by law.
[3] Mr. Mayo's May 1998 death was unrelated to his accident injuries.