h PICKETT, Judge.
This case arises from a slip and fall accident. Plaintiff was a Lafayette Parish Sheriff Deputy who slipped on oil in the Sheriffs parking lot sustaining injuries. Plaintiff filed suit against the Sheriff and the Lafayette Parish Sheriffs Department and others. The Louisiana Sheriffs Risk Management Agency (“LSRMP”) has a self-insurance agreement covering the Lafayette Parish Sheriffs Department. This litigation has been ongoing since 1989. LSRMP was initially brought into the case by the Sheriffs Third Party Demand. The Sheriff later dismissed its Third Party Demand. Subsequently, Plaintiff amended his petition to include LSRMP as a defendant. The LSRMP subsequently filed an Exception of No Cause of Action which was granted. Plaintiff now appeals.
BACKGROUND
Lafayette Parish Deputy Sheriff Kenneth Brasseaux (“Brasseaux”) suffered injuries when he slipped on oil and grease which were overflowing from a sewer grease trap, and fell in the Sheriffs parking lot at Lafayette Parish Correctional Center on July 25, 1988. Brasseaux sued the Lafayette Parish Police Jury, as the owner of Lafayette Parish Correctional Center (“LPCC”), Sheriff Donald J. Breaux and/or Lafayette Parish Sheriffs Department as the custodian-operator of the jail as well as the City of Lafayette, alleging that all defendants were the developers, owners, and/or possessors ■ of the sidewalks and streets adjacent to the LPCC and the sewer service which had attempted to remedy the problem caused by the overflowing grease trap.
The Louisiana Sheriffs Risk Management Agency was first joined in this action as a Third Party Defendant at the motion of Lafayette Parish Sheriff, Donald |2J. Breaux. A judgment was entered on February 2, 1996, on the Sheriffs motion for summary judgment, granting his Third Party Demand and denying the LSRMP’s motion for summary judgment. The court further held, “Sheriff Donald J Breaux and the Lafayette Parish Sheriffs Department are covered as respects the claim of Kenneth Brasseaux under the self insurance fund of the Louisiana Sheriffs Risk Management Agency[.]”
LSRMP motion for new trial was denied. On March 13, 1996, the Sheriff dismissed his Third Party Demand against the LSRMP. Subsequently, Brasseaux amended his petition, naming the LSRMP a defendant.
LSRMP later filed an Exception of No Cause of Action which was granted on October 13, 1998. The plaintiff now appeals this judgment.
ASSIGNMENTS OF ERROR
(1) The trial court erred by finding that the Louisiana Sheriffs Risk Management Agency (“LSRMP”) is not bound by the prior final judgments of the same court;
(2) The LSRMP is not entitled to reliti-gate the same issue in the same matter which has previously been decided by this same court;
(3) The October 13, 1998, holding of Judge Donald Aaron is null and void, as this issue is res judicata.
OPINION
This matter involves procedural maneuvers which confuse the underlying issues. The resolutory question is whether the Louisiana Sheriffs Risk Management Agency is a proper party in this action.
| aPlaintiff presents three assignment of errors. Essentially, Plaintiff raises alternative theories to find a cause of action against LSRMP, as it is not subject to the direct action provisions of the insurance *212 code: “law of the case”, “stipulation pour autri”, and “res judicata”. The Plaintiff first argues that the trial court erred by finding that the LSRMP is not bound by the February 2, 1996 judgment. Plaintiff argues the subsequent judgment granting LSRMP’s Exception of No Cause of Action is in direct contravention of this previous judgment.

Law of the Case

Plaintiff argues the February 2, 1996 judgment is “law of the case” and establishes the LSRMP’s liability and, consequently, the judgment dismissing the LSRMP as a Defendant is in error. Of note, the February 2, 1996 judgment was rendered in a third party demand in which Sheriff Breaux impleaded the LSRMP for indemnification. The judgment states in relevant part: “Sheriff Donald J. Breaux, and the Lafayette Parish Sheriff’s Department are covered as respects the claim of the Kenneth Brasseaux under the self insurance fund of the Louisiana Sheriffs Risk Management Agency.”
The subsequent judgment of October 13, 1998, granted the LSRMP’s Exception of No Cause of Action. However, at this point in the litigation, the LSRMP had been joined as a Defendant by the Plaintiffs amended petition.
The LSRMP is the only remaining party in this dispute. On August 12, 1999, an Act of Partial Release, Cancellation and Satisfaction of Judgment was entered releasing the City of Lafayette, the Parish of Lafayette and Donald J. Breaux from the consent judgment of $800,000.00 in consideration for $600,000.00. Plaintiff included a full reservation of any and all rights against the LSRMP for the excess |4amount due under the consent judgment above the $600,000.00 paid by the released parties.
The Plaintiff argues that granting of the Exception of No Cause of Action violates the “law of the case” established by the February 2, 1996 judgment. We disagree.
In the trial court’s written reasons explaining the February 2, 1996 judgment, the court states: “that any covered defenses which may be available to the LSRMP have been waived by the LSRMP because of its failure to deny coverage for a period of time in excess of 6 years after the suit was originally filed,” citing to Steptore v. Masco Construction Co., Inc., 643 So.2d 1213 (La.1994). The court further held that the LSRMP waived any exclusionary provisions that may have been applicable, and as such, Sheriff Breaux and the Lafayette Sheriffs Department are covered by the LSRMP. This judgment is fatally flawed because it fails to recognize that the LSRMP is not an insurance company[1]. Therefore, the trial court’s reliance on the waiver provisions emanating from Title 22 is in error. The LSRMP is specifically exempted by statute from the provisions of Title 22.
The doctrine of the “law of the case” is discretionary and should not be applied where the former decision is clearly erroneous. Robideau v. Johnson, 31,770 (La.App. 2 Cir. 3/31/99); 731 So.2d 955.[2] For the foregoing reasons, we find Plaintiffs argument is without merit.
I sStipulation Pour Autri
The LSRMP Articles of Association are drafted in accordance with La.R.S. 33:1481-85 and, as such, the LSRMP is not an insurance company. La.R.S. 33:1483 deems the LSRMP is an interlocal risk management agency, not an insurance *213 company or insurer. La.R.S. 33:1483 states, in part:
Intergovernmental agreements providing for the creation and maintenance of an interlocutory risk management agency shall not be deemed to constitute insurance as defined by La.R.S. 22:5; nor shall the interlocal risk management agency of the development of a group self-insurance fund be subject to the provisions of Chapter 1 of Title 22 of the Louisiana Revised Statutes of 1950.
The Louisiana statute that authorizes a party’s direct action against the insurance company is found in Chapter 1 of Title 22, La.R.S. 22:655. Therefore, since the LSRMP is exempted from Title 22, direct action against the LSRMP is not authorized by La.R.S. 22:655. Plaintiff recognizes that the LSRMP is not an insurance company per se and argues that it has a cause of action against the LSRMP based on a theory of Stipulation Pour Autri.
Plaintiff asserts although a self-insurance fund may not be sued under the direct action statute La.R.S. 22:655, there is no prohibition against joining the LSRMP as a party defendant when they have previously submitted to the jurisdiction of the court, as it has by answering and responding to the Third Party Demand. However, the relationship between an insurer and a third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. A cause of action directly in favor of a third-party claimant against a tortfeasor’s insurer is not generally recognized absent statutory creation. Theriot v. Midland Risk Ins. Co., et al., 95-2895 (La.5/20/97); 694 So.2d 184.
| fiSimply stated, had the legislature intended to subject interlocal risk management agencies to direct action, it could have easily done so. Senegal v. Faul, 598 So.2d 686 (La.App. 3 Cir.1992). The Plaintiffs argument lacks merit.

Res Judicata

Finally, the Plaintiff argues that res judicata is in effect and the October 13, 1998 judgment is in error.
Res judicata bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Leon v. Moore, 98-1792 (La.App. 1 Cir. 4/1/99), 731 So.2d 502. (citation omitted). Plaintiff asserts the liability of LSRMP was established by the February 2, 1995 judgment which was a final judgment and never appealed.
We find that the judgment was not final. Although the granting of a summary is a final judgment, the denial of one is not. The denial of the LSRMP’s summary judgment, at that time, only denied its action to be dismissed as a third party defendant. Supervisory review or an appeal was deemed moot because Sheriff Breaux dismissed his Third Party Demand against the LSRMP. In the judgment now being appealed, which granted the LSRMP’s Exception of No Cause of Action, the LSRMP wears a different hat— the one of Party-Defendant.
The October 13, 1998 judgment was not a re-litigation of the “same” transaction. The February 2, 1996 judgment involved an issue of whether LSRMP may be added to a Third Party Demand which was later dismissed. The October 13, 1998 judgment involved LSRMP as a Party-Defendant and the validity of a direct 17cause of action against the LSRMP.
The doctrine of res judicata is to be interpreted stricti juris: thus, any doubt concerning application of the principle of res judicata must be resolved against its application. Spear v. Prudential Property and Casualty Ins. Co., 98-1663 (La.App. 4 Cir. 1/13/99); 727 So.2d 640. Therefore, we find Plaintiffs argument of res judicata fails.
For the foregoing reasons, we affirm the grant of LSRMP’s Exception of No Cause *214 of Action. All costs of this appeal are assessed against the Plaintiff.
AFFIRMED.

. See discussion below under Stipulation Pour Autri

. We also note that the February 2, 1996 Judgment and the October 13, 1998 judgment were not re-litigations of the ''same” issue. The February 2, 1996 judgment involved an issue of whether LSRMP may be added on a Third Party Demand which was later dismissed. The October 13, 1998 judgment involved LSRMP as a Party-Defendant and the validity of a direct cause of action against the LSRMP.