MOORE, J.
The defendant, Randall Glenn Matthews, was charged by bill of information with aggravated battery following an altercation in the parking lot of his pawn shop. Subsequently, he was billed with an additional charge of obstruction of justice for withholding video evidence of the incident. The cases were consolidated for trial, and the court denied Matthews’ motion to sever. The six-person jury found Matthews guilty of simple battery and obstruction of justice, Matthews was subsequently sentenced to six months in jail for the simple battery conviction and 18 months at hard labor for the obstruction of justice conviction. The trial court ordered the obstruction of justice sentence to ran consecutively to the simple battery sentence. Matthews now appeals. For the following reasons, we affirm the convictions and sentences.
FACTS
Bossier City Police were called to the Cash In a Flash pawn shop on November 7, 2014, in response to a physical altercation between the defendant, Matthews, who owned the pawn shop, and the victim, Emmett Stroud. Stroud was attempting to collect money that Matthews allegedly *899 owed him pursuant to a Crime Stoppers award involving theft of a firearm from the pawn shop.
The argument occurred in the parking lot of the pawn shop. The defendant struck Stroud, and a fight ensued. Seeking an advantage, the defendant then ran into the store and returned with a shovel. Stroud sought safety in his van while waiting for police to arrive. The defendant struck the van with the shovel. Stroud jumped out of the van, and the defendant struck him with the shovel.[1]
When the Bossier City police arrived, Stroud was in the parking lot, and the building was locked. After the defendant made a brief statement to police, he complained of illness and was transported to Willis-Knighton Pierremont Health Center in Shreveport.
Detective Jeffrey Humphrey observed video surveillance cameras outside the pawn shop. He attempted to enter the pawn shop to inquire about the cameras, but the doors were locked. He then instructed Bossier City Police Detective Karen McDonald to prepare a search warrant to obtain any video recording of the incident; a search warrant was issued the same day.
Detective Humphrey also spoke with the defendant in the hospital regarding the video surveillance system. The defendant said that the video system was not working and that nothing had been recorded. He also told Det. Humphrey that he had instructed his employees not to let anyone enter the pawn shop.
Police searched the pawn shop premises, including an office in the back of the building. Inside, police found disconnected wires to which previously attached electronic equipment had been removed. They could not locate any video surveillance equipment in the pawn shop.. One officer testified that looking for the video equipment in the pawn shop “was like looking for a needle in a haystack.”
On January 15, 2015, the defendant was charged with - the aggravated battery of Stroud. He retained attorney John Bok-enfohr as counsel and entered a plea of not guilty at his arraignment.
Both parties propounded discovery requests. The state complied and provided the defendant with the requested information along with “open discovery” of its file. However, the defense failed to comply with the state’s discovery requests, which prompted the state to file a motion to vacate the defendant’s request for a preliminary hearing.
On March 9, 2015, the defense responded to the state’s discovery requests, stating that it would provide a disc of the surveillance video of the incident in question. The disc included video of the altercation, as well as enhancements by the defense expert.
On March 10, 2015, the state and defendant filed the original (not enhanced) surveillance video into the record as a joint exhibit. The state noted that, -per the defense’s instructions, it would retrieve the surveillance equipment at the office of Marion Marks, the defense’s expert, later that day. The preliminary examination was then conducted, and based on the testimony of Det. Humphrey and the surveillance video, the trial court determined that probable cause existed for the defendant’s aggravated battery charge. Trial was set for May 18, 2015.
On April 14, 2015, the state charged the defendant with obstruction of justice by tampering with evidence, in violation of La. R.S. 14:130.1. During a hearing re *900 garding discovery on April 14, 2015, the state noted its intention to try the defendant’s aggravated battery charge at the same time as the obstruction charge.
On April 21, 2015, the defendant filed a motion to continue trial and to sever the obstruction of justice charge from the aggravated battery charge. In his motion, the defendant asserted that his current attorney, John Bokenfohr, had an unwaiva-ble conflict of interest in the obstruction of justice matter because it was likely that he would be called as a witness. He requested that the matters be severed and that the trial for his obstruction case be continued to allow him time to retain new counsel.
The following week, at the arraignment for obstruction of justice, Mr. Bokenfohr noted that he had filed a motion to sever because he had an unwaivable conflict in the obstruction matter. He declined to enroll in the defendant’s obstruction case and the defendant entered a pro se plea of not guilty. Bokenfohr then argued' that the obstruction matter should be severed from the aggravated battery case and should also be continued. The state countered that the defendant had caused the delays in the aggravated , battery case by failing to turn over the surveillance video or the computer containing the video until March 10, 2015.
The trial court denied the motion to sever, noting that the aggravated battery charge and obstruction of justice charge arose out of the same incident. It ruled that the defendant could retain additional counsel, if he chose, to represent him on the obstruction charge. Matthews requested a continuance to allow him time to find a second attorney. The trial court granted the motion and set both cases for trial on July 27, 2015.
The defendant sought supervisory review of the trial court’s ruling denying his motion to sever with this court; the writ was denied on- the showing made. Trial commenced on July 28, 2015, with attorney Bokenfohr representing the defendant in both matters.
At trial, Det. Humphrey testified that he investigated the incident. He interviewed Stroud and then interviewed the defendant at Willis-Knighton Pierremont Medical Center. The defendant told Det. Humphrey that the surveillance system at the pawn shop was not working, that nothing had been recorded, and that he told his employees not to let anyone in the pawn shop. Det. Humphrey told the defendant that he was in the process of securing a search warrant, and the defendant said that he wanted to cooperate with police. Det. Humphrey said that the defendant was not cooperative, however.
Det. Humphrey identified the video recording of the incident, which was played in open court. The defendant was working on a vehicle in the parking lot when Stroud’s van pulled up. After speaking to one another, both men walked toward Stroud’s van when the defendant pushed Stroud. Stroud pushed him back and punched him in the face. The two men then began fighting. The defendant ran to the side door of the pawn shop and returned with a shovel. Stroud got in his van and the defendant hit the window of Stroud’s van with the shovel. Stroud then jumped out of his van, and the defendant hit Stroud in the head with the shovel. The defendant quickly ran back into the pawn shop and closed the door. Stroud got back into his van. '
Det. Humphrey acknowledged that the video showed that some of Stroud’s statements regarding the fight were inaccurate. Specifically, Stroud initially said that the defendant struck his van twice, and that he never hit the defendant.
*901 Det. Humphrey testified that although the incident took place on November 7, 2014, the defendant did not turn over the video surveillance until March, 2015. He said that his investigation would have been much easier if he had obtained the video earlier.
Bossier City Police Officer Darrin Roberts interviewed both the defendant and Stroud at the scene. Ofc. Roberts stated that the defendant’s statement was somewhat inconsistent with the crime scene and corroborated Det. Humphrey’s testimony that the defendant said that the video surveillance system at the pawn shop was not functioning at the time of the incident.
Sergeant William Fuller testified that he had worked on investigations at the defendant’s pawn shop before, and he knew that the defendant had a camera above the door on the side of the pawn shop, which would presumably have captured the altercation with Stroud. However, the defendant told Sgt. Fuller that the camera had been broken for some time.
Sgt. Fuller executed the search warrant on November 7, 2014. He testified that one of the pawn shop employees showed police where the surveillance system was supposed to be located, but they found only disconnected wires. Police were unable to locate the surveillance system that day.
Bossier City Police Sergeant Darren Barclay assisted in executing the search and noted that the search warrant specifically listed the surveillance system as an item to be recovered. Sgt. Barclay testified that the pawn shop employees' refused to let police in to conduct the search, and one of the employees, a woman named Nancy, told Sgt. Barclay that the defendant had advised her not to let police inside the building until his brother, Charles Allan (“Allan”) Matthews Jr., arrived. Once inside, the pawn shop employees denied |7knowledge of where the surveillance equipment was kept. Sgt. Barclay was able to gain access to an office in the rear of the pawn shop after Allan unlocked the office door with a knife. Inside, police saw unconnected wiring on a desk. The defendant was not at the pawn shop when the search warrant was executed. However, Sgt. Barclay was on the phone with Det. Humphrey during the search, and Humphrey asked the defendant where he kept the surveillance equipment, but defendant did not provide the police with the location. Sgt. Barclay conceded that police did not check to see if the equipment was in one of the safes in the pawn shop and further stated that he believed that the surveillance system was overlooked during the search.
Bossier City Police Sergeant Eric Sproles corroborated Sgt. Barclay’s testimony regarding the wiring police found in the pawn shop office during their search and the fact that police did not check to see if the surveillance equipment was in any of the pawn shop safes. Bossier City Police Detective John Russell Cox testified that on March 9, 2015, he picked up the video equipment from the office of Marion Marks and logged it into evidence.
Marks, a forensic specialist, testified that on March 4, 2015, after being contacted by the defense, he met the defendant and his attorney and viewed the surveillance equipment, which included a CPU (computer). Marks was asked to archive some material from the computer. Marks testified that he had no idea that the computer was subject to a search warrant and that he would never have touched it had he known about the warrant. On cross-examination, Marks stated that he was able to recover the video of the incident only with great difficulty. The difficulty was due to improper handling of the computer, in his Lopinion. Marks identified photographs *902 he took of the computer when he was trying to recover the video and explained that at one point the computer almost crashed.
Stroud testified at trial that he went to the defendant’s pawn shop on November 7, 2014, to collect reward money for turning over to authorities his cousin, who was suspected of stealing an assault rifle from the defendant’s pawn shop. Stroud explained that he had seen an advertisement in The Inquisitor, a. local newspaper, requesting information regarding the suspect and offering a reward. The advertisement, listed by Crime Stoppers, stated that the defendant was offering an additional $500 reward.
Stroud viewed the video of the altercation and claimed that he was attempting to leave the pawn shop when the fight first began, but that after the defendant pushed him and the fight ensued, he stayed because he was afraid to leave the scene of a crime.
Stroud identified a recording of the 911 call he made after the incident. The recording was played in open court. During the call, Stroud told the 911 operator that the defendant had hit him in the head with a shovel. Stroud can also be heard yelling, “They’re on their way to get you.”
Allan Matthews testified that after learning of the fight, he went to the hospital to see the defendant. The defendant told him to go back to the pawn shop and help close the store because it was understaffed. When Allan arrived back at the pawn shop, he saw three police officers inside who explained that they were waiting on a search warrant. Five or ten minutes later, another officer arrived with a search warrant and the officers searched the back of the shop and the defendant’s office. The defendant’s office was locked and Allan offered to kick in the door, but one of the shop employees located a key. Allan said that the police never asked to look inside any of the safes in the pawn shop. Allan was under the impression that some of the cameras at the defendant’s pawn shop were not operating properly on November 7, 2014. Allan did not know where the surveillance equipment was located at the time police searched the defendant’s pawn shop.
On the next day, November 8, 2014, Allan Matthews told the defendant that the police were looking for the surveillance system; the defendant said he had it, but did not say where. Allan Matthews explained that the defendant wanted to find a lawyer to represent him before he turned over the equipment.
Following Allan Matthews’ testimony, and before closing arguments, the state and defense reviewed the proposed jury instructions. The defense objected to the instruction relating to obstruction of justice because it contained the words “search warrant,” which the defense argued was prejudicial. The trial court overruled the objection, citing the 2015 Louisiana Criminal Jury Instructions Handbook, which allowed for the insertion of language to fit the specific facts of an obstruction charge. There were no other objections to the jury instructions.
The trial court read the following obstruction of justice charge to the jury:
Obstruction of Justice is committed when anyone tampers with evidence which is reasonably relevant to a criminal investigation or proceeding with the knowledge that such an act has and reasonably may, or will affect an actual or a potential present, past or future criminal proceeding. Tampering with evidence is an act done with the specific intent of distorting the result of any criminal investigation or proceeding, | ^including the intentional alteration, *903 movement, removal, or addition of any object or substance either (1) at the location of any incident which the offender knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or (2) at the location of storage, transfer, or place of review of any such evidence. Thus, in order to convict the defendant of Obstruction of Justice, you must find: (1) that the defendant knew or had good reason to believe that his act may affect an actual or potential present, past or future criminal proceeding; and (2) that the defendant tampered with evidence located at Cash In a Flash Pawn Shop located at 4601 East Texas Street, Bossier City, Louisiana, specifically by failing to provide law enforcement with surveillance recordings of the incident subject to a valid search warrant, and instead withheld such evidence from the state for a period of time; and (3) that the defendant had the specific intent ... to distort the results of an actual or potential present, past, or future criminal proceeding or investigation.
During deliberations, the jury requested that the trial court reread the jury instructions for both the aggravated battery and obstruction of justice charges.
The jury unanimously found the defendant guilty of simple battery and obstruction of justice. The trial court immediately sentenced the defendant to six months in jail for his simple battery conviction.
On September 15, 2015, the defendant, with new counsel, filed a motion for new trial. He alleged that the assistant district attorney threatened Mr. Bokenfohr with prosecution prior to trial for his alleged involvement in the obstruction of justice charge in spite of the fact that the video at issue was turned over to the state. He noted that, the state unsuccessfully attempted to subpoena Bokenfohr prior to trial to force him to testify against his own client. Under these circumstances, he argued that that he was denied conflict-free counsel. The defendant pointed out that the trial judge and the assistant .district attorney had both filed ethics complaints against Bokenfohr, forcing the defendant to retain different counsel.
In After a hearing, the trial court concluded that neither the alleged threats by the assistant district attorney to charge Bokenfohr with obstruction of justice nor the state’s attempt to subpoena him pretrial constituted newly discovered evidence under La. C. Cr. P. art. 851. Furthermore, that evidence was never presented to the jury and therefore had no impact on its verdict. The trial court noted that the defendant’s allegations were post-conviction relief claims.
Nevertheless, the trial court allowed the defense to proffer evidence related to its motion. Bokenfohr was called as a witness and testified that after he filed the motion to sever on behalf of the defendant, and while he was standing in the courthouse hallway having plea negotiations with the assistant district attorney, the assistant district attorney mentioned to him that if “Randy [the defendant] is guilty of obstruction, either you [Bokenfohr] could be guilty of obstruction or you’re guilty of obstruction.”
Bokenfohr was also served with a subpoena on July 13, 2015, to appear as a witness for the state at the defendant’s trial. Bokenfohr acknowledged that he received notifications from the Louisiana Attorney Disciplinary Board, Office of the Disciplinary Counsel, regarding two complaints, one filed by the assistant district attorney and one by the trial judge, regarding his representation of the defendant.
*904 On cross-examination, Bokenfohr testified that after he received the disciplinary complaints he informed the defendant that he had to withdraw as his attorney. Bok-enfohr explained that he did not fear prosecution because he had not done anything wrong, but confidentiality concerns for his former client prevented him from further asserting his innocence. Bokenfohr testified that he fought as hard as he could for Randy Matthews.
Following the proffered testimony, the trial court denied the defendant’s motion for new trial. The trial court then sentenced the defendant to 18 months at hard labor for his obstruction of justice conviction, to run consecutively to the sentence imposed for his simple battery conviction.
The defendant now appeals raising three assignments of error.
DISCUSSION
Of the three assignments of error that the defendant raises in this appeal, the third involves a claim that the evidence was not sufficient to convict the defendant on the obstruction of justice charge beyond a reasonable doubt. According to established appellate protocol, we consider sufficiency-of-evidence assignments of error first. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
Matthews argues that there was no, direct evidence that he committed the offense, and the circumstantial evidence was insufficient' to convict because it did not exclude the reasonable hypothesis of innocence he put forth, namely, that the police simply overlooked the video surveillance equipment in the pawn shop while executing the search warrant. He argues that he was in the hospital at the time the police searched the pawn shop and- the state failed to prove that he could have tampered with the evidence while in the hospital. He also alleges that the state’s evidence at trial contradicts the state’s position that he committed the offense. Det. Humphrey stated he was with Matthews in the hospital when the search warrant was executed in the pawn shop. Sgt. William Fuller testified that he did not see the defendant move the equipment or take it with him when he went to the hospital; he concluded that they must have missed it. Matthews also contends that he cooperated with police arid aided police by turning over the equipment, albeit four months later.
The state argues that the immediate removal of the surveillance equipment by the defendant or his agents, and his failure to disclose possession of the equipment for four months, constituted obstruction of justice by tampering with evidence. The defendant told several of the investigating officers that the surveillance equipment was broken and had not recorded the incident with Stroud. Ofc. Fuller testified that one of the pawn shop employees showed police where the surveillance equipment was kept, but police found only unconnected wiring. The state also notes that several of the defendant’s statements to police regarding the fight with Stroud were inconsistent with the physical evidence and the video of the altercation.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court *905 with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App. 2 Cir. 2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913, cert. denied, 561 U.S. 1013, 130 S.Ct. 3472, 177 L.Ed.2d 1078; State v. Hill, 42,025 (La.App. 2 Cir. 5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Adkins, 39,724 (La.App.2d Cir.6/29/05), 907 So.2d 232, writ denied, 2006-2514 (La.5/4/07), 956 So.2d 607.
 When the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant’s own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Captville, 448 So.2d 676, 680 (La. 1984). When a jury reasonably and rationally rejects the exculpatory hypothesis of innocence offered by a defendant’s own testimony, an appellate court’s task in reviewing the sufficiency of the evidence under the Due Process Clause is at an end unless an alternative hypothesis “is sufficiently reasonable that a rational juror could not ‘have found proof of guilty beyond a reasonable doubt.”’ State v. Calloway, 2007-2306 (La.1/21/09), 1 So.3d 417, citing Captville, supra, and Jackson v. Virginia, supra.
Circumstantial evidence is defined as evidence of facts or circumstances from which one might infer or conclude the existence of other connected facts. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Lilly, 468 So.2d 1154 (La.1985); State v. Mims, 39,757 (La.App.2d Cir 6/29/05), 907 So.2d 237.
In all cases where an essential element of the. crime is not proven by direct evidence, La. R.S. .15:438, concerning proof by circumstantial evidence, applies. As an evidentiary rule, it restrains the fact finder, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence . excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Van Sales, 38,138 (La.App.2d Cir.3/3/04), 867 So.2d 849, writ denied, 2004-1305 (La.4/22/05), 899 So.2d 569.
In this instance, the defendant contends that the evidence, which was largely circumstantial, did not exclude his *906 reasonable hypothesis of innocence that the police simply overlooked the video surveillance equipment in the pawn shop when they executed the search warrant. In contrast, the state contends that the immediate removal of the surveillance equipment by the defendant or his agents, and the defendant’s failure to disclose possession of the equipment for four months, constituted obstruction of justice. The defendant falsely told detectives that the equipment was not working and did not record the incident under investigation. The police search of the pawn shop showed that the equipment had been disconnected arid removed from its customary location.
Obstruction of justice is defined in La. R.S. 14:130.1. The relevant portions of the statute provides:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good réason to believe will be the subject of any investigation by state, local, or United States law enforcement officers!;.]
The knowledge requirement in paragraph (A) is met if the perpetrator merely knows that an act reasonably may affect a potential or future criminal proceeding. State v. Jones, 2007-1052, p. 9 (La.6/3/08), 983 So.2d 95, 101; State v. Tatum, 09-1004, p. 12 (La.App. 5 Cir. 5/25/10), 40 So.3d 1082, 1090. The defendant must also have tampered with evidence with the specific intent of distorting the results of a criminal investigation. R.S. 14:130.1(A)(1). Nothing beyond movement of the evidence is required by the statute if 117accompanied by the requisite intent and knowledge. Jones, 2007-1052, p. 10 (La.6/3/08), 983 So.2d at 101.
After review under the Jackson standard, we conclude that the evidence was sufficient to support the defendant’s conviction for obstruction of justice. Det. Humphrey, Ofc. Roberts and Sgt. Fuller all testified that when they asked the defendant about the cameras on the outside of the pawn shop, he falsely told them that the cameras were inoperable and that the incident had not been recorded. Defendant also told police that he had instructed his employees not to allow anyone inside the pawn shop. Sgt. Fuller stated that one of the pawn shop employees instructed police where the surveillance equipment was normally kept, but that the desk was empty except for disconnected wiring. Furthermore, although the defendant was at the hospital when the search warrant was executed, Sgt. Barclay testified that he was on the phone with Det. Humphrey at the hospital with the defendant during the search in order to gather information from the defendant, but that the defendant did not disclose the location of the surveillance equipment to police. Allan Matthews testified that he told the defendant on November 8, 2014, that police were looking for the surveillance equipment, and that the defendant stated .that he had it but would not turn it over to police until he spoke with an attorney.
Based on the foregoing direct and circumstantial evidence, the jury reasonably concluded that the defendant was aware *907 that any video recording of the incident would affect the police officers’ criminal investigation. Reason and common experience indicate that the defendant moved, or instructed his agents to move, and withheld the surveillance equipment with the specific intent to distort the results of the investigation.
Accordingly, this assignment of error lacks merit.
Turning now to defendant’s first assignment of error, Matthews alleges he was denied his rights to due process and conflict-free counsel when the court denied his motion to sever and when the state subpoenaed his attorney and threatened him with prosecution for the same obstruction of justice offense.
With regard to the alleged threatened prosecution of his attorney, the defendant contends that the trial court erred in denying his motion for a new trial in light of the pretrial accusation made by the assistant district attorney that Bokenfohr may be guilty of obstruction of justice. He cites the state’s failed attempt to subpoena Bokenfohr and elicit possibly privileged information as evidence that the state used improper methods to obtain the defendant’s conviction for obstruction of justice. He submits that the complaints made to the Office of Disciplinary Counsel against Bokenfohr corroborate his attorney’s allegation that he was threatened by the assistant district attorney.
The state counters that the trial court did not abuse its discretion by denying the motion to sever because the aggravated battery and obstruction of justice offenses arose from the same incident and occurred at the same time. Furthermore, the trial court granted the defendant’s motion for a continuance to give him additional time to retain a second attorney to handle the obstruction charge. The state also notes that the defendant’s objection to the alleged misjoinder of the offenses should have been raised in a motion to quash.
A determination as to whether to grant or deny a severance rests within the sound discretion of the trial court. A ruling on a severance motion will not be reversed absent a clear showing that the trial court abused its discretion. State v. Richardson, 33,272 (La.App. 2 Cir. 11/1/00), 779 So.2d 771, writ denied, 2000-3295 (La.10/26/01), 799 So.2d 1151. A defendant bears a heavy burden of proof when alleging prejudicial joinder of offenses as grounds for a motion to sever. Factual, rather than conclusory, allegations are required. State v. Wade, 39,797 (La.App. 2 Cir. 8/9/05), 908 So.2d 1220, writs denied, 2006-0109, -0148 (La.6/2/06), 929 So.2d 1251.
La. C. Cr. P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
La. C. Cr. P. art. 495.1 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
La. C. Cr. P. art. 851 provides, in pertinent part:
*908 The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur: * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty. * * *
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right[.]
In order to obtain a new trial based on newly discovered evidence, the defendant has the burden of showing that (1) the new evidence was discovered after trial, (2) the failure to discover the evidence at the time of the trial was not caused by lack of diligence, (3) the evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably have produced a different verdict. State v. Bell, 2009-0199 (La.11/30/10), 53 So.3d 437; La. C. Cr. P. art. 851(B)(3).
The decision of whether to grant or deny a motion for new trial is within the trial judge’s sound discretion. State v. Brisban, 2000-3437 (La.2/26/02), 809 So.2d 923.
The defendant does not provide any argument in his brief as to why the trial court erred by denying his motion to sever and although the caption of his first assignment of error cites the trial court’s denial of the motion to sever as error, the defendant has filed a reply memorandum to the state’s brief stating that the denial of the severance motion is not the issue at hand.
Additionally, this court has already reviewed the trial court’s ruling denying the motion to sever via the defendant’s previous supervisory writ application. The law of the case doctrine provides that this court is not required to, but may in its discretion, revisit an issue on appeal that has previously been decided on a writ application. Robideau v. Johnson, 31,770 (La.App. 2 Cir. 3/31/99), 731 So.2d 955, 957, writ denied, 99-1564 (La.9/17/99), 747 So.2d 562. However, a review of the full record on appeal does not indicate that the trial court abused its discretion by denying the motion.
Both the aggravated battery and the obstruction of justice charges stemmed from the defendant’s conduct on November 7, 2014, when he committed a battery on Stroud and then took actions to prevent police from obtaining the surveillance equipment which contained a recording of the incident. Furthermore, the defendant’s motion to sever was based on his complaint that Mr. Bokenfohr could not represent him on the obstruction of justice charge due to a conflict of interest. However, the trial court granted the defendant’s request for a continuance, giving him more than two months to retain another attorney, which he failed to do until after his trial.
Likewise, the trial court did not abuse its discretion by denying the defendant’s motion for a new trial. The defendant argued that newly discovered evidence, or alternatively, the ends of justice, required that he be granted a new trial. However, the evidence proffered by the defendant was not newly discovered. The *909 alleged remark by the assistant district attorney to Bokenfohr occurred prior to the defendant’s trial, as did service of the subpoena on Bokenfohr. Furthermore, Bokenfohr was never called as a witness or forced to divulge privileged information regarding the defendant’s obstruction of justice charge. To the contrary, Bokenfohr testified that he zealously represented the defendant.
Accordingly, this assignment is without merit.
By his second assignment of error, the defendant alleges that the trial court erred and/or abused its discretion when it failed to instruct the jury on the applicable law. Specifically, he argues that the obstruction of. justice instruction added a temporal element to the charge by requiring the jury to find that the defendant withheld the surveillance recording from the state for “a period of time.” He notes that the jury requested a second reading of the obstruction of justice charge after deliberations had begun. Finally, he argues that that the error was not harmless.
The defendant failed to make a contemporaneous objection to the obstruction of justice instruction other than to the words “search warrant.” Accordingly, under La. C. Cr. P. art. 841, the state argues .that the defendant cannot raise the issue on appeal. Alternatively, the state asserts that the error is harmless.
Matthews responds that, even without a contemporaneous objection to the improper language in the jury instruction, this court should consider his assignment of error because the error was so significant as to deprive him of fundamental due process. The defendant cites two cases, State v. Williamson, 389 So.2d 1328 (La.1980), and State v. Green, 493 So.2d 588 (La.1986), where the Louisiana Supreme Court has considered a jury charge issue despite the absence of a contemporaneous objection.
The general rule regarding errors in the jury charge is that, unless objected to contemporaneously, an irregularity or error in the charge to the jury may not be asserted on appeal. La. C. Cr. P. art. 841; State v. Belgard, 410 So.2d 720 (La.1982); State v. Wilson, 28,403 (La.App. 2 Cir. 8/21/96), 679 So.2d 963; State v. Robinson, 45,820 (La.App. 2 Cir. 1/26/11), 57 So.3d 1107, writ denied, 2011-0381 (La.9/16/11), 69 So.3d 1141.
 The rule requiring contemporaneous objection serves two purposes: it prevents a defendant from withholding objections to errors, which might have been corrected at trial, with the intention of resorting to such errors on appeal; and it promotes judicial efficiency. State v. Mart, 419 So.2d 1216 (La.1982); State v. Langston, 43,923 (La.App. 2 Cir. 2/25/09), 3 So.3d 707, writ denied, 2009-0696 (La.12/11/09), 23 So.3d 912.
Errors that affect substantial rights of the accused are reviewable by the appellate court, even absent' contemporaneous objection, to preserve the fundamental requirements of due process. State v. Williamson, supra; State v. Green, supra. The exception to the contemporaneous objection rule is not a plain error rule of general application. State v. Arvie, 505 So.2d 44 (La.1987). To fall under the exception, the error must cast substantial doubt on the reliability of the fact-finding process. Id.
In Williamson, supra, a defendant’s conviction for second degree murder was reversed where the trial court incorrectly instructed jurors regarding the elements of first and second degree murder. The trial court, counsel for the state and the defense were unaware of legislation passed shortly before the defendant’s crime rede *910 fining the crimes. The consequence of the misstatement of law was that the July’s verdict under the erroneous instructions was not supported by the evidence, but would have been sufficient under the correct law. Despite the defendant’s failure to contemporaneously object to the error, the Supreme Court reversed the defendant’s conviction, explaining that the error was of such significance as to violate the fundamental requirements of due process. Id. at 1331.
In Green, supra, a defendant appealing a third degree theft conviction complained on appeal that the statute of his conviction was unconstitutional because it authorized the use of his prior convictions as evidence of his present guilt without mandating a limiting jury instruction that the prior convictions were relevant only as to enhanced punishment. Although the defendant did not contemporaneously object to the trial court’s failure to give such a limiting instruction, the Louisiana Supreme Court considered the assignment of error, citing due process concerns.
An invalid instruction on the elements of an offense is harmless if the evidence is otherwise sufficient to support the jury’s verdict and the jury would have reached the same result if it had never heard the erroneous instruction. State v. Hongo, 96-2060 (La.12/02/97), 706 So.2d 419, 421.
In this instance, the defense made no contemporaneous objection to the jury instructions which Matthews now alleges erroneously required an added time element requiring the jury to -find that he withheld such evidence (surveillance recordings) from the state for “a period of time.”
After due consideration, we conclude that an exception to the contemporaneous objection rule is not warranted in this case because the complained of language did not actually add an additional element to the definition of the obstruction of justice, and if it did, the error was harmless in this case. Although R.S. 14:130.1 does not require proof that an offender withheld evidence for “any amount of time,” the phrase “any amount of time” is simply superfluous since the statute has no time requirement. As noted above, sufficient evidence existed to prove that the defendant was aware that any video recording of the incident would affect the criminal investigation and that he moved the surveillance equipment with the specific intent to distort the results of the investigation. As such, the alleged error was harmless.
Accordingly, this assignment of error lacks merit.
CONCLUSION
We conclude that the evidence was sufficient to sustain the defendant’s conviction for obstruction of justice. Additionally we find no merit in the defendant’s other assignments of error for the reasons stated hereinabove. Accordingly, the defendant’s convictions and sentences are affirmed.[2]
AFFIRMED.

. Apparently Stroud's anger over the damage to his van overcame his initial good sense.

. On error patent review, we note the record does not show that Matthews expressly waived the delay for the imposition of sentence upon the .denial of his motion for a new trial. However, he has not complained about the sentencing delay, and thus, the error appears harmless. See State v. Roberson, 40,809 (La.App. 2 Cir. 4/19/06), 929 So.2d 789, 808.