Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,376-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

versus

JOSHUA WIGGINS                             Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 247,996

Honorable Michael O. Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

JOHN SCHUYLER MARVIN                     Counsel for Appellee
District Attorney

C. CARTER LAWRENCE, JR.
RICHARD RUSSELL RAY
Assistant District Attorneys

* * * * *

Before COX, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Joshua Wiggins ("Wiggins") was charged with two counts of molestation of a juvenile under the age of 13, with the victim in both counts being his three-year-old daughter, B.W.  A unanimous jury found Wiggins guilty as charged on the first count, but not guilty on the second, and he was sentenced to serve 25 years at hard labor without the benefit of probation, parole, or suspension of sentence.  Wiggins now appeals, challenging the sufficiency of the evidence based on witness credibility.  Finding no merit to his arguments, we affirm.

## FACTS

Jelisa Haines ("Haines"), B.W.'s mother, testified she became concerned when Wiggins, who was approximately 35 years old at the time, behaved inappropriately with their three-year-old daughter following several incidents where she witnessed Wiggins nude with an erection in B.W.'s presence.  Haines said she was responsible for bathing their daughter most of the time, but Wiggins would occasionally bathe B.W. when she needed him to.  Haines stated the baths Wiggins gave B.W. lasted between one and 2½ hours, and that he exhibited what she considered inappropriate behavior in B.W.'s presence while bathing her.  She also testified there were occasions when he would come out of the bathroom naked and swing his genitals around in front of B.W.  She also recalled seeing Wiggins sit at his computer with B.W. in his lap while watching what she referred to as "anime pornography."[1]  Haines also said she noticed on several occasions after Wiggins bathed B.W., her bottom appeared red; one of those times,

---

[1] Haines described "anime pornography" as an animated show where the characters were nude and engaged in sexual activity.

Haines also saw what appeared to be blood on B.W.'s bottom in addition to the redness.

The molestation charges against Wiggins were based on two specific instances of inappropriate behavior, the first alleged to have occurred in the bathtub between January 22, 2022, and April 30, 2023, and the second near the shower between May 1 and June 23, 2023, both counts in violation of La. R.S. 14:81.2.

Concerning the allegations in count one, Haines recounted the last time she allowed Wiggins to bathe B.W. She testified that after Wiggins had been bathing her for approximately two hours, she walked into the bathroom to find Wiggins nude, sitting in their small apartment bathtub with B.W., who was also nude. B.W. was facing her father and straddling his legs. Wiggins' penis was fully erect and, once Haines entered, he quickly grabbed something to cover his genitals. Wiggins told Haines he had an accidental erection because B.W.'s body brushed against his genitals at some point during the bath. Haines stated after this incident, she told Wiggins he could no longer bathe B.W.

As for count two, which is alleged to have occurred after the bathtub incident, Haines testified Wiggins was showering at their shared residence when she heard a noise. She said she went into the bathroom to find him on the floor with a semi-erect penis; B.W. was standing in the bathroom looking at his erection, which Wiggins told Haines was the result of him needing to urinate at that moment. This incident prompted Haines to take B.W. to Ochsner LSU to be evaluated by a physician. That physician referred B.W. to the Cara Center for evaluation and examination. Haines acknowledged she had been concerned about Wiggins' behavior around

2

B.W. for some time, but said he always managed to convince her she had nothing to worry about; she blamed her own inexperience in romantic relationships for not reporting her concerns earlier.

Bossier Parish Sheriff's Office Detective Lavaro Ramey ("Det. Ramey") investigated Haines' allegations after receiving a call from Dr. Laura Rodriguez ("Dr. Rodriguez"), who examined B.W. at the Cara Center. During an interview with Det. Ramey, Wiggins stated while he no longer bathed his daughter after her mother asked him not to, B.W. regularly tried to get into the bathtub and shower with him. Wiggins denied walking around naked in B.W.'s presence, swinging his genitals in front of her, or watching animated pornography with B.W. He stated he did play an animated romance novel game, but claimed he did not play the game in B.W.'s presence due to its adult content. When asked about her red bottom after bathing with him, Wiggins told Det. Ramey the bottom of the bathtub was very rough and must have scraped B.W.

During his interview with Det. Ramey, Wiggins also denied the bathtub incident occurred as Haines described it. He said B.W. was seated in front of him in the bathtub, facing the faucet, with her bottom on the floor of the tub, rocking back and forth in the water. He stated she rocked back into him, brushing his lower regions and causing an involuntary erection. Wiggins also denied any wrongdoing on his part during the shower incident, stating B.W. snuck into the shower without his noticing while he was washing soap out of his hair. He said he could not get her out of the shower or call for help from Haines because he had soap in his hair, so he let her wash herself since she was already in the shower. When they were getting out, the shower door swung out and banged into the bathroom door, causing

3

B.W. to nearly fall. When Haines walked in, Wiggins said he was kneeling on the floor next to B.W., trying to make sure she was not hurt from exiting the shower. Wiggins denied having an erection following the shower incident.

Dr. Rodriguez, the medical director for the Cara Center, testified as an expert in pediatrics with expertise in child abuse. She saw B.W. on June 20, 2023, following a referral from a pediatrician at Ochsner LSU, and stated Haines' explanation for bringing B.W. in for evaluation was extremely concerning to her. Dr. Rodriguez testified the examination of B.W. was normal, but also stated a normal examination could not confirm or rule out sexual abuse as the majority of children who have been sexually abused have normal physical examinations.

Wiggins elected to testify, and he denied intentionally exposing his genitals in front of B.W., watching animated pornography with B.W. in his lap, or playing his animated romance game in her presence. He denied exhibiting any lewd or lascivious conduct or attempting to gratify his own sexual desires in the presence of his daughter. Wiggins stated the erection he had in the bathtub incident was involuntary and the result of B.W. brushing up against his genitals; he also denied having an erection following the shower incident.

A unanimous jury found Wiggins guilty on count one (the bathtub incident) and not guilty on count two (the shower incident). The court denied his post verdict judgment of acquittal and, following a thorough consideration of the factors listed in La. C. Cr. P. art. 894.1, sentenced

4

Wiggins to 25 years at hard labor without the benefit of probation, parole, or suspension of sentence.[2] Wiggins now appeals.

## DISCUSSION

Wiggins contends in order to prove him guilty of molestation, the state was required to present evidence of lewd or lascivious conduct intended to arouse or gratify the sexual desire of either himself or B.W., which he claims the state failed to do. He argues the only evidence presented was testimony from the mother of the alleged victim, and suggests because the source of the information is not the victim herself, Haines' testimony is insufficient to support his conviction. Wiggins inexplicably contends a reasonable hypothesis existed for Haines to find him nude, seated in a bathtub, with an erection, while bathing his three-year-old daughter; his erection was simply an involuntary physical reaction to her accidental contact with his lower regions. Wiggins asks this court to vacate his conviction and sentence.

The state argues the evidence presented was more than sufficient to convict Wiggins: a 35-year-old man was nude with an erection in the bathtub, while three-year-old B.W., also nude, straddled his legs; clearly a lewd or lascivious act to gratify Wiggins' sexual desires. Because the evidence was sufficient to prove the elements of La. R.S. 14:81.2, the state contends the jury's verdict was not irrational, and Wiggins' conviction should be affirmed.

---

[2] At sentencing on October 15, 2024, counsel for Wiggins was unaware of the trial court's denial of his motion for post verdict judgment of acquittal. Prior to imposing sentence, the court notified all parties of an order signed on October 9, 2024, denying the motion.

***Sufficiency of the Evidence***

The standard review for a sufficiency claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Ramsey*, 55,491 (La. App. 2 Cir. 2/28/24), 381 So. 3d 308, *writ denied*, 24-00379 (La. 10/1/24), 393 So. 3d 865.

The *Jackson* standard is applicable in cases involving both direct and circumstantial evidence. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Middleton*, 55,634 (La. App. 2 Cir. 5/22/24), 386 So. 3d 1283, *writ denied*, 24-00822 (La. 2/19/25), 400 So. 3d 926. The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Middleton*, *supra*; *State v. Bass*, 51,411 (La. App. 2 Cir. 6/21/17), 223 So. 3d 1242, *writ not cons.*, 18-0296 (La. 4/16/18), 239 So. 3d 830. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *Middleton*, *supra*; *Bass*, *supra*.

When the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. *State v. Shapiro*, 431 So. 2d 372 (La. 1982); *State v. Matthews,* 50,838 (La. App. 2 Cir. 8/10/16), 200 So. 3d 895, *writ denied*, 16-1678 (La. 6/5/17), 220 So. 3d 752. In the

absence of any internal contradiction or irreconcilable conflict with physical evidence, the testimony of a witness alone, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Taylor*, 53,934 (La. App. 2 Cir. 5/5/21), 321 So. 3d 486. When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. *State v. Captville*, 448 So. 2d 676 (La. 1984); *State v. Matthews*, *supra*.

Molestation of a juvenile is defined as the commission by anyone over the age of 17 of any lewd or lascivious act upon the person or in the presence of any child under the age of 17, where there is an age difference of greater than 2 years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. La. R.S. 14:81.2(A)(1). Whoever commits the crime of molestation of a juvenile when the victim is under the age of 13 years shall be imprisoned at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.2(D)(1).

The jury's finding of guilt is reasonable and well supported by the record in this case. Haines testified she walked into the bathroom to find Wiggins, naked in the bathtub, with their three-year-old daughter, who was also nude and straddling her father's legs. Wiggins had an erection, which

7

he tried to hide from Haines; the effort at concealment supports the state's claim Wiggins was attempting to gratify his own sexual desires while in the bathtub with B.W., over whom he maintained a position of authority as her father.

Wiggins did not deny he was naked and erect with his naked young daughter, but instead tried to offer an explanation as to how and why this happened. The jury found Haines' version of what she saw more credible, a finding that is exceedingly reasonable considering Wiggins' bizarre explanation. Haines' testimony alone is sufficient if believed by the jury, and there is no support for Wiggins' assertion that Haines' version is somehow insufficient because she was not the victim. Haines' observation of what occurred in the bathtub does not irreconcilably contradict any of the physical evidence presented and is bolstered by her testimony about Wiggins' other inappropriate sexually deviant behavior.

Wiggins' abhorrent conduct with his very own daughter is a shocking violation of the trust an impressionable young child is owed by her father. We find the evidence more than sufficient to support Wiggins' conviction.

## CONCLUSION

For the reasons set out above, Joshua Wiggins' conviction and sentence are affirmed.

**AFFIRMED.**

8